T.C. Memo. 2011-126

UNITED STATES TAX COURT

SHARON DENISE COLLIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14561-09, 18624-09.  Filed June 7, 2011.

Sharon Denise Collier, pro se.

<u>Tammra S. Mitchell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies of
$3,003 and $6,181 in petitioner's Federal income tax (tax) for
her taxable years 2007 and 2008, respectively.

The issues for decision are:

(1) Is petitioner entitled to dependency exemption deductions under section 151(a)[1] for CL for her taxable year 2007 and for JIA and SJH for her taxable year 2008?  We hold that she is not.

(2) Is petitioner entitled to the child tax credit under section 24(a) with respect to CL for her taxable year 2007 and with respect to JIA and SJH for her taxable year 2008?  We hold that she is not.

(3) Is petitioner entitled to the additional child tax credit under section 24(d) with respect to CL for her taxable year 2007 and with respect to JIA and SJH for her taxable year 2008?  We hold that she is not.

(4) Is petitioner entitled to the earned income tax credit under section 32(a) with respect to CL for her taxable year 2007 and with respect to JIA and SJH for her taxable year 2008?  We hold that she is not.

(5) Is petitioner entitled to head of household filing status under section 2(b) for her taxable year 2008?  We hold that she is not.

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for each of the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petitions in these cases, she resided in Georgia.

In January 1986, petitioner married Charlie Frank Collier, Sr. (Mr. Collier Senior), and they were still married as of the time of the trial in these cases.[2]

Petitioner and Mr. Collier Senior have one child together, Charlie Frank Collier, Jr. (Mr. Collier Junior). At the end of 2007, Mr. Collier Junior, who was born in 1986, was 21 years old. Mr. Collier Junior has two children, both of whom were born after 2007.

CL, who was born in 1996 and was 11 years old at the end of 2007, is the son of Sherry Stevens (Ms. Stevens). Petitioner does not know who CL's father is. Neither CL nor Ms. Stevens is biologically related to petitioner or to petitioner's husband, Mr. Collier Senior.

JIA was born in 1996 and was 12 years old at the end of 2008. SJH was born in 1998 and was 10 years old at the end of 2008.

---

[2]Although petitioner and Mr. Collier Senior have been married since January 1986, they did not live together during at least a substantial portion of 2007 and 2008, the years at issue.

At least during 2007, petitioner received food stamps in a dollar amount that is not established by the record.

Petitioner filed Form 1040A, U.S. Individual Income Tax Return, for her taxable year 2007 (2007 return).[3] In that return, petitioner reported total income of $19,353 and claimed (1) dependency exemption deductions for Mr. Collier Junior and CL,[4] (2) head of household filing status, (3) the child tax credit with respect to CL, (4) the additional child tax credit with respect to CL, and (5) the earned income tax credit with respect to Mr. Collier Junior and CL.

Respondent issued to petitioner a notice of deficiency for her taxable year 2007 (2007 notice). In that notice, respondent disallowed petitioner's claimed (1) dependency exemption deduction for CL,[5] (2) child tax credit with respect to CL, (3) additional child tax credit with respect to CL, and (4) earned income tax credit with respect to CL.

---

[3]Mr. Collier Senior did not file a tax return for his taxable year 2006, 2007, or 2008.

[4]In her 2007 return, petitioner claimed that CL's relationship to her was "grandchild".

[5]Respondent acknowledged in the 2007 notice that Mr. Collier Junior is petitioner's biological child and therefore her qualifying child, as defined in sec. 152(c). Respondent did not disallow in that notice the dependency exemption deduction and the earned income tax credit that petitioner claimed in her 2007 return with respect to him.

Petitioner filed electronically Form 1040, U.S. Individual Income Tax Return, for her taxable year 2008 (2008 return). In that return, petitioner reported total income and adjusted gross income of $23,084 and claimed (1) dependency exemption deductions for JIA and SJH,[6] (2) head of household filing status, (3) the child tax credit with respect to JIA and SJH, (4) the additional child tax credit with respect to JIA and SJH, and (5) the earned income tax credit with respect to JIA and SJH.

Respondent issued to petitioner a notice of deficiency for her taxable year 2008 (2008 notice). In that notice, respondent disallowed petitioner's claimed (1) dependency exemption deductions for JIA and SJH, (2) head of household filing status, (3) child tax credit with respect to JIA and SJH, (4) additional child tax credit with respect to JIA and SJH, and (5) earned income tax credit with respect to JIA and SJH.

OPINION

Petitioner has the burden of establishing that the respective determinations in the 2007 notice and the 2008 notice are wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[6]In her 2008 return, petitioner claimed that JIA's relationship to her was "nephew" and that SJH's relationship to her was "niece".

In support of her position with respect to each of the issues presented, petitioner relies almost exclusively on her own testimony and to a lesser extent on the testimony of her husband, Mr. Collier Senior.[7] We found petitioner's testimony to be in certain material respects internally inconsistent, inconsistent with certain other evidence in the record, questionable, conclusory, vague, puzzling, uncorroborated, and self-serving. We are not required to, and we shall not, rely on the testimony of petitioner in order to establish her position with respect to each of the issues presented. See, e.g., <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). We found the testimony of Mr. Collier Senior to be generally credible[8] but not helpful to petitioner's position with respect to each of those issues.

<u>Dependency Exemption Deductions</u>

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer.

---

[7]In support of her testimony that JIA is her nephew, petitioner relies on a letter allegedly written by her sister. Both a redacted copy of that letter and an unredacted copy of that letter are part of the record in these cases. The Court admitted that unredacted copy into the record under seal. Assuming arguendo that the unredacted copy of the letter were written by petitioner's sister, we do not find that that letter supports petitioner's contention that JIA is her nephew. The letter allegedly written by petitioner's sister on which petitioner relies does not even appear to refer to JIA, whom petitioner claimed as her nephew and dependent in her 2008 return.

[8]We found Mr. Collier Senior's memory to be faulty at times.

Section 151(c) provides an exemption for each dependent of the taxpayer, as defined in section 152.  Section 152(a) defines the term "dependent" to mean either a qualifying child, see sec. 152(a)(1), or a qualifying relative, see sec. 152(a)(2).

We turn first to whether (1) CL is her qualifying child for petitioner's taxable year 2007 and (2) each of JIA and SJH is her qualifying child for her taxable year 2008.  Section 152(c) defines the term "qualifying child" as follows:

SEC. 152.  DEPENDENT DEFINED.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(C) who meets the age requirements of paragraph (3), and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

As pertinent here, for purposes of section 152(c)(1)(C) an individual meets the age requirements if that individual is under age 19.  See sec. 152(c)(3)(A)(i).

As pertinent here, section 152(c)(2) provides that a person bears a relationship to the taxpayer for purposes of section 152(c)(1)(A) "if such individual is--(A) a child of the taxpayer or a descendant of such a child, or (B) a brother, sister, step-brother, or stepsister of the taxpayer or a descendant of any such relative."

As pertinent here, section 152(f)(1) defines the term "child" for purposes of section 152 to mean either "a son, daughter, stepson, or stepdaughter of the taxpayer".  Sec. 152(f)(1)(A)(i).

The term "stepdaughter" in section 152(f)(1)(A) is not defined in the Code.  "Where, as is the case here, the statute does not define the word, we generally interpret it by using its ordinary and common meaning."  Carlson v. Commissioner, 116 T.C. 87, 93 (2001) (fn. ref. omitted).  Merriam-Webster's Collegiate Dictionary 1223 (11th ed. 2008), defines the word "stepdaughter" to mean "a daughter of one's wife or husband by a former part-ner".

We address initially whether the relationship requirement in section 152(c)(1)(A) is satisfied with respect to CL for peti-tioner's taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.  In her 2007 return, petitioner claimed that CL is her "grandchild".  In her 2008 return, peti-tioner claimed that JIA is her "nephew" and that SJH is her

"niece". We have found that CL is the son of Ms. Stevens, that petitioner does not know who CL's father is, and that neither CL nor Ms. Stevens is biologically related to petitioner or to Mr. Collier Senior, petitioner's husband. We find no reliable evidence in the record that JIA is petitioner's nephew[9] and that SJH is petitioner's niece. On the record before us, we find that petitioner has failed to carry her burden of establishing that the relationship requirement in section 152(c)(1)(A) is satisfied with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

We address next whether the principal-place-of-abode requirement in section 152(c)(1)(B) is satisfied with respect to CL for petitioner's taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008. We find no reliable evidence in the record (1) that CL resided with petitioner during any portion of 2007 and (2) that each of JIA and SJH resided with her during any portion of 2008. On the record before us, we find that petitioner has failed to carry her burden of establishing (1) that she and CL had the same principal place of abode at any time during 2007, let alone for more than one-half of that year, see sec. 152(c)(1)(B), and (2) that she and JIA and she and SJH had the same principal place of abode at any time during 2008,

---

[9]See supra note 7.

let alone for more than one-half of that year, see id.  On the record before us, we find that petitioner has failed to carry her burden of establishing that the principal-place-of-abode require-ment in section 152(c)(1)(B) is satisfied with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

On the record before us, we find that petitioner has failed to carry her burden of establishing (1) that for her taxable year 2007 (a) CL is her qualifying child, as defined in section 152(c), and (b) that therefore he is her dependent, as defined in section 152(a)(1), and (2) that for her taxable year 2008 (a) each of JIA and SJH is her qualifying child, as defined in section 152(c), and (b) that therefore each of them is her dependent, as defined in section 152(a)(1).

We turn now to whether (1) CL is petitioner's qualifying relative for her taxable year 2007 and (2) each of JIA and SJH is her qualifying relative for her taxable year 2008.  Section 152(d) defines the term "qualifying relative" as follows:

SEC. 152.  DEPENDENT DEFINED.

(d) Qualifying Relative.--For purposes of this section--

(1) In general.--The term "qualifying rela-tive" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

> (B) whose gross income for the calen-
> dar year in which such taxable year be-
> gins is less than the exemption amount
> (as defined in section 151(d)),
>
> (C) with respect to whom the taxpayer
> provides over one-half of the individ-
> ual's support for the calendar year in
> which such taxable year begins, and
>
> (D) who is not a qualifying child of
> such taxpayer or of any other taxpayer
> for any taxable year beginning in the
> calendar year in which such taxable year
> begins.

As pertinent here, section 152(d)(2) provides that for purposes of section 152(d)(1)(A) an individual bears a relation-ship to the taxpayer if that individual is "(A) A child or descendant of a child", "(E) A son or daughter of a brother or sister of the taxpayer", or "(H) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 7703, of the tax-payer) who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household."

We address initially whether the relationship requirement in section 152(d)(1)(A) is satisfied with respect to CL for peti-tioner's taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008. We have found that CL is the son of Ms. Stevens, that petitioner does not know who CL's father is,

and that neither CL nor Ms. Stevens is biologically related to petitioner or to Mr. Collier Senior, petitioner's husband. See sec. 152(d)(2)(A). We have further found that there is no reliable evidence in the record establishing that JIA is petitioner's nephew and that SJH is petitioner's niece. See sec. 152(d)(2)(E). We have also found that petitioner has failed to carry her burden of establishing (1) that she and CL had the same principal place of abode at any time during 2007 and (2) that she and JIA and she and SJH had the same principal place of abode at any time during 2008. See sec. 152(d)(2)(H). On the record before us, we find that petitioner has failed to carry her burden of establishing that the relationship requirement in section 152(d)(1)(A) is satisfied with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

We address next whether the support requirement in section 152(d)(1)(C) is satisfied with respect to CL for petitioner's taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008. In order to prove that that requirement is satisfied, petitioner must establish (1) the total amount of support from all sources provided (a) during 2007 to CL and (b) during 2008 to each of JIA and SJH and (2) that petitioner provided (a) during 2007 over one-half of that total amount for CL and (b) during 2008 over one-half of that total amount for

each of JIA and SJH.  See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support for each claimed dependent provided by all sources during the year in question must be shown by competent evidence.  Blanco v. Commissioner, supra at 514.  Where the total amount of support provided to a child during the year in question is not shown and may not reasonably be inferred from competent evidence, it is not possible to find that the taxpayer contributed more than one-half of that child's total support.  Id. at 514-515; Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

We find no reliable evidence in the record establishing (1) the total amount of any support that petitioner provided (a) during 2007 to CL and (b) during 2008 to each of JIA and SJH and (2) the total amount of support from all sources provided (a) during 2007 to CL and (b) during 2008 to each of JIA and SJH.  Nor did petitioner proffer any evidence from which we might infer the total amount of support from all sources provided (1) during 2007 to CL and (2) during 2008 to each of JIA and SJH.  On the record before us, we find that petitioner has failed to carry her burden of establishing that the support requirement in section

152(d)(1)(C) is satisfied with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

On the record before us, we find that petitioner has failed to carry her burden of establishing (1)(a) that CL is her qualifying relative, as defined in section 152(d), for her taxable year 2007 and (b) that therefore he is her dependent, as defined in section 152(a)(2), and (2)(a) that each of JIA and SJH is her qualifying relative, as defined in section 152(d), for her taxable year 2008 and (b) that therefore each of them is her dependent, as defined in section 152(a)(2).

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled under section 151(a) to dependency exemption deductions for (1) CL for her taxable year 2007 and (2) JIA and SJH for her taxable year 2008.

<u>Child Tax Credit</u>

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  As pertinent here, section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."[10]

---

[10]The parties agree that at all relevant times each of CL,
(continued...)

We have found that petitioner has failed to carry her burden of establishing (1) that CL is her qualifying child, as defined in section 152(c), for her taxable year 2007 and (2) that each of JIA and SJH is her qualifying child, as defined in that section, for her taxable year 2008.  On the record before us, we find that petitioner has failed to carry her burden of establishing (1) that CL is her qualifying child, as defined in section 24(c), for her taxable year 2007 and (2) that each of JIA and SJH is her qualifying child, as defined in that section, for her taxable year 2008.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled to the child care tax credit under section 24(a) with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

Additional Child Tax Credit

The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability.  Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a),

---

[10](...continued)
JIA, and SJH was under 17 years old.

section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

We have found that petitioner has failed to carry her burden of establishing that she is entitled to the child tax credit under section 24(a) with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled to the additional child tax credit under section 24(d) with respect to CL for her taxable year 2007 and with respect to each of JIA and SJH for her taxable year 2008.

Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's tax liability.[11]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year". Sec. 32(c)(1)(A)(i).  As pertinent here, section 32(c)(3)(A)

---

[11]The amount of the credit is determined on the basis of percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  See sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  See sec. 32(a)(2); see also infra note 13.

defines the term "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * *)."

We have found petitioner has failed to carry her burden of establishing (1) that CL is her qualifying child, as defined in section 152(c), for her taxable year 2007[12] and (2) that each of JIA and SJH is her qualifying child, as defined in that section, for her taxable year 2008. On the record before us, we find that petitioner has failed to carry her burden of establishing that (1) CL is her qualifying child, as defined in section 32(c)(3)(A), for her taxable year 2007 and (2) that each of JIA and SJH is her qualifying child, as defined in that section, for her taxable year 2008.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled to the earned income tax credit under section 32(a) with respect to CL for her taxable year 2007. On that record, we find that petitioner has failed to carry her burden of establishing that she is an eligible individual, as defined in section 32(c)(1)(A)(i), for her taxable year 2008.[13]

---

[12]See supra note 5.

[13]Petitioner does not claim that she is an eligible individual, as defined in sec. 32(c)(1)(A)(ii), for her taxable year 2008. Even if she had made that claim, the record is devoid of evidence establishing petitioner's age before the end of 2008. As a result, petitioner has failed to carry her burden of establishing that she satisfies the age requirements of sec.

(continued...)

On the record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled to the earned income tax credit under section 32(a) with respect to each of JIA and SJH for her taxable year 2008.

Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii).

---

[13](...continued) 32(c)(1)(A)(ii)(II), which she must satisfy, among other requirements, in order to qualify as an eligible individual, as defined in sec. 32(c)(1)(A)(ii). Assuming arguendo that petitioner were an eligible individual, as defined in sec. 32(c)(1)(A)(ii), for her taxable year 2008, she nonetheless would not be entitled to the earned income tax credit for that year. That is because petitioner reported in her 2008 return adjusted gross income of $23,084. Sec. 32(a)(2) completely phases out the earned income tax credit for the taxable year 2008 for an eligible individual who (1) has no qualifying children, (2) does not file a tax return using married filing jointly filing status, and (3) has adjusted gross income of $12,880 or more. See Rev. Proc. 2007-66, sec. 3.07(1), 2007-2 C.B. 970, 973.

We have found that petitioner has failed to carry her burden of establishing that each of JIA and SJH is her qualifying child, as defined in section 152(c), for her taxable year 2008.  We have also found that petitioner has failed to carry her burden of establishing that she is entitled under section 151(a) to a dependency exemption deduction for each of JIA and SJH for her taxable year 2008.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled to head of household filing status under section 2(b) for her taxable year 2008.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

Decisions will be entered for respondent.