T.C. Memo. 2013-117

UNITED STATES TAX COURT

BASIL OLIVER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10964-10.                    Filed April 30, 2013.

Basil Oliver, Jr., pro se.

Karen O. Myrick, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge:  On February 8, 2010, respondent issued to petitioner a notice of deficiency which determined a Federal income tax deficiency of $3,137 for the 2008 tax year.  Petitioner filed a petition with the Court on May 12, 2010, seeking redetermination.

**[*2]** After concessions by the parties,[1] the issues left for determination are: (1) whether petitioner is entitled to a dependency exemption deduction for his nephew for the 2008 tax year; (2) whether petitioner is entitled to a child tax credit for his nephew for the 2008 tax year; and (3) whether petitioner is entitled to an additional earned income credit on account of his nephew for the 2008 tax year.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Missouri when the petition was filed.

Petitioner claimed a dependency exemption deduction, the child tax credit, and an additional earned income credit on his Federal tax return for his infant nephew TAH[2] for the 2008 tax year. TAH is the twin son of petitioner's half brother, Trenton Freeman. Petitioner and Mr. Freeman have the same mother but not the same father. Accordingly, petitioner's father, Basil Oliver, Sr. (Basil Sr.), is not the biological grandfather of TAH.

---

[1]Respondent has conceded that petitioner is eligible for an earned income credit of $253, which was omitted from the notice of deficiency.

[2]It is the Court's policy to refer to a minor by his or her initials. See Rule 27(a)(3). Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

**[*3]**   During the 2008 tax year petitioner lived in the same house as Basil Sr. in St. Louis, Missouri.  Petitioner and Basil Sr. did not have a formal lease agreement.  Instead, petitioner paid Basil Sr. between $250 and $300 per month for living expenses.  These payments were for petitioner's rent, utilities, food, and other living expenses.  During the 2008 tax year petitioner's total income was $9,559.  For the same year Basil Sr. reported wages of $12,045.

In April or May 2008 petitioner began assisting his brother in caring for TAH.  At the time, Mr. Freeman had five young children under the age of six, and petitioner took in TAH to relieve some of the economic burden on his brother.  Petitioner continued this care for about a year--ending around March or April 2009.  During this period of care several people contributed to the financial support of TAH.  Petitioner spent around $150 per month for TAH's support.  This money went toward food, diapers, clothing, and shoes.  For child care, petitioner and Basil Sr. would trade off watching TAH:  one would watch TAH while the other worked, then they would switch.  TAH slept in his own crib in petitioner's bedroom.

TAH's mother, Diedre Hampton, provided for TAH as well as his twin brother and older half sibling.  Ms. Hampton remained TAH's legal guardian during the relevant period and was responsible for TAH's healthcare through her

[*4] Medicaid qualifications. It is, however, unclear the total amount of money, if any, she provided in support of TAH.

Petitioner claimed a dependency exemption deduction for TAH on his 2008 Federal tax return. Petitioner also claimed a child tax credit and an additional earned income credit on account of TAH for the 2008 tax year. Neither Mr. Freeman, Ms. Hampton, nor Basil Sr. claimed a dependency exemption deduction or any other credits on TAH's account for the 2008 tax year.

OPINION

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115, (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under certain circumstances the burden of proof as to factual matters shifts to the Commissioner pursuant to section 7491(a). Although neither party alleges the applicability of section 7491(a), the burden of proof has not shifted to respondent with respect to any of the issues in this case because petitioner has not

**[*5]** satisfied the requirements of section 7491(a)(2) to substantiate the items in dispute. Accordingly, petitioner bears the burden of showing that he is entitled to a dependency exemption deduction for TAH, that he is entitled to an earned income credit attributable to TAH, and that he is entitled to a child tax credit for TAH for the 2008 tax year.

## I. Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child under section 152(a)(1) or a qualifying relative under section 152(a)(2). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent.

### A. Qualifying Relative

Section 152(d) lays out the requirements for a dependent to be a qualifying relative. A qualifying relative is an individual: (1) who bears a relationship to the taxpayer as described in section 152(d)(2); (2) whose gross income for the year is less than the exemption amount defined in section 151(d); (3) who receives over half of his or her support from the taxpayer for the taxable year at issue; and (4)

**[*6]** who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Sec. 152(d)(1).

Petitioner meets the first two requirements of section 152(d)(1). TAH and petitioner satisfy the relationship test in 152(d)(1)(A) and (2) for TAH to be a qualifying relative because TAH is the son of petitioner's brother.[3] See sec. 152(d)(2)(E), (f)(4). Under the second requirement, the relative's income cannot exceed the exemption amount as defined in section 151(d). Sec. 152(d)(1)(B). TAH was an infant child who did not receive any income for the 2008 tax year. Accordingly, TAH satisfies these two requirements.

The third requirement for an individual to be a qualifying relative under section 152(d)(1)(C) is that the taxpayer provide over one-half of the individual's support for the tax year. To meet the burden of support, a taxpayer must establish, by competent evidence, the total amount of support furnished for the taxable year at issue. See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, T.C. Memo. 2000-333. Further, to determine whether a taxpayer provided over half of the total support to a qualifying relative, the taxpayer's contribution will be compared to the entire amount of support which the individual

---

[3]Respondent concedes that petitioner, as the child's uncle, meets the familial requirements to claim TAH as a qualifying relative.

[*7] received from all sources, including support which the individual herself supplied. Sec. 1.152-1(a)(2)(i), Income Tax Regs. Support includes "food, shelter, clothing, medical and dental care, education, and the like." Id.

Petitioner offered very little evidence for either the total sources of support for TAH or petitioner's own share of TAH's support. Petitioner did not have a bank account during the 2008 tax year and could not show his amount of support to TAH through canceled checks or receipts. Petitioner and Basil Sr. traded off watching TAH and did not use a babysitter or other child care. Both petitioner and Ms. Hampton helped pay for food and other necessities for TAH. Ms. Hampton remained TAH's legal guardian and provided healthcare for him through her medicaid qualification. While there is some evidence petitioner helped support TAH, this Court cannot conclude on the record the amount of the total support for TAH, nor the amount of support petitioner provided. Therefore, TAH is not petitioner's qualifying relative, and petitioner is not entitled to a dependency exemption deduction under section 152(d) for the 2008 tax year. See sec. 151.

B. Qualifying Child

Section 152(c) provides the requirements for a relative to be a qualifying child of a taxpayer. Sec. 152(c)(1)(A)-(E). Section 152(c) requires that the individual: (1) bear a specified relationship to the taxpayer; (2) share the same

**[*8]** abode as the taxpayer; (3) meet specific age requirements; and (4) not have provided over one-half of his or her own support. Respondent concedes all but one of the requirements: respondent maintains TAH did not have the same abode as petitioner for more than one-half of the tax year as required by section 152(c)(1)(B). Respondent argues petitioner admitted that TAH lived with him only on an "as needed" basis. The Court finds this argument unconvincing because the statement was made over the phone to an informal, unknown representative of respondent. Petitioner has on multiple occasions stated that TAH lived with him for more than one-half of the 2008 tax year. Accordingly, TAH is petitioner's qualifying child under section 152(c) for the 2008 tax year.

Respondent also argues that petitioner is not the correct taxpayer to use a dependency exemption deduction for TAH for the 2008 tax year. Section 152(c)(4) provides tie-breaker rules for taxpayers who can claim the same individual as a qualifying child. The tie-breaker rules in section 154(c)(4) do not, however, apply to taxpayers claiming the same individual as a qualifying relative.[4]

---

[4]Respondent incorrectly uses factors from the qualifying relative test to disqualify petitioner from claiming the exemption deduction. It is immaterial for the tie-breaker rules of sec. 152(c)(4) who may claim TAH as a qualifying relative because the rules apply only to qualifying children.

**[\*9]** As noted above, only taxpayers who share the same abode with the individual can claim the individual as a qualifying child. Sec. 152(c)(1)(B). The only taxpayers who satisfy this requirement are petitioner and his father. Specifically, neither of TAH's parents can claim TAH as a qualifying child because neither had the same principal place of abode as TAH for more than one-half of the taxable year. Further, Basil Sr. cannot claim TAH as a qualifying child because TAH does not bear the requisite relationship to Basil Sr. See sec. 152(c)(2). TAH is not his child or stepchild[5]--or descendent thereof--under section 152(f)(1)(A). Accordingly, petitioner is the only individual who can claim TAH as a qualifying child, and the section 152(c)(4) tie-breaker rules are inapplicable.

---

[5]"Child" is defined in sec. 152(f) to include a stepson or stepdaughter of the taxpayer--but neither "stepson" nor "stepdaughter" is defined. In Collier v. Commissioner, T.C. Memo. 2011-126, this Court interpreted "stepdaughter" by using its ordinary and common meaning. "Stepson" should be interpreted accordingly. Webster's New Universal Unabridged Dictionary 1867 (2003) defines "stepson" to mean "a son of one's husband or wife by a previous marriage." Basil Sr. filed his 2008 tax return as "single" and therefore did not have any stepchildren for the 2008 tax year. Accordingly, TAH is not Basil Sr.'s child or a descendant thereof for the purposes of sec. 152(d)(2) because TAH's father, Mr. Freeman, is not Basil Sr.'s stepchild. See sec. 152(f)(1)(A)(i).

[*10] Petitioner has met his burden of establishing that he is entitled to a dependency exemption deduction under sections 151 and 152(a)(1) for his nephew TAH for the 2008 tax year.

II. Child Tax Credit

Section 24(a) allows a tax credit of a specified amount with respect to each qualifying child of a taxpayer.[6] As pertinent here, section 24(c)(1) provides that, for purposes of section 24, "qualifying child" means an individual under age 17 who is a qualifying child of the taxpayer as defined in section 152(c). As discussed above, petitioner has shown TAH is his qualifying child under section 152(c).[7] Therefore, petitioner has established that TAH is a qualifying child for the purposes of section 24. Accordingly, petitioner has met his burden of establishing he is entitled to a child tax credit for TAH for the 2008 tax year under section 24.

---

[6]The amount of the credit is limited by adjusted gross income and amount of tax paid. See sec. 24(b).

[7]TAH was born in 2007, meaning that at most, he was one year old in the 2008 tax year.

**[\*11]** III.  Earned Income Credit

Section 32(a)(1) permits an eligible individual an earned income credit against the individual's tax liability.[8]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year".  Sec. 32(c)(1)(A)(i).  A qualifying child is a child of the taxpayer as defined in section 152(c).  Sec. 32(c)(3)(A).  As discussed above, petitioner has established that TAH is his qualifying child under section 152(c).  Further, petitioner is the only individual who can claim TAH as a qualifying child under section 152(c) because for 2008 no one else met the residency or relationship requirements of section 152.  See sec. 152(c)(1)(A) and (B). Therefore, petitioner has established that TAH is his qualifying child for the purposes of section 32(c)(3) for tax year 2008.  Accordingly, petitioner has met his burden of establishing he is entitled to an additional earned income credit for TAH for the 2008 tax year.[9]

---

[8]The amount of the credit is determined according to percentages that vary depending on the number of qualifying children.  Sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  Sec. 32(a)(2).

[9]Respondent concedes petitioner alone is eligible for an earned income credit of $253.

[*12] To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.