**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-46

UNITED STATES TAX COURT

JASON ALAN BRUCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21253-12S.                    Filed May 12, 2014.

Jason Alan Bruce, pro se.

<u>Michael Hensley</u> and Brian Beddingfield (student), for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $6,804 deficiency in, and an accuracy-related penalty of $1,360.80 with respect to, petitioner's 2010 Federal income tax.  The issues for decision are:  (1) whether petitioner is entitled to the filing status of married filing jointly, and if not, whether he is entitled to (a) dependency exemption deductions, (b) the child tax credit, (c) the additional child tax credit, and (d) the earned income credit (EIC), and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts and the attached exhibits herein by reference.  Petitioner resided in California when the petition was filed.

Petitioner and his former wife Jazsmine Bruce were married in 2008, and they had a son who was born in 2008.  Ms. Bruce also had a daughter from a previous relationship.  Petitioner has worked as a technician on an aircraft carrier in the U.S. Navy since 1997, and he was deployed on sea duty intermittently throughout 2010.  Petitioner's family lived in Navy housing in 2009.  Petitioner,

Ms. Bruce, and the children moved into petitioner's mother-in-law's house in January 2010. During 2010 petitioner, Ms. Bruce, and the children mostly lived at petitioner's mother-in-law's house but also spent time at petitioner's mother's house.

In March 2010 petitioner initiated divorce proceedings. The record is unclear as to any detail of the specific events between the time of the divorce proceedings in March 2010 and February 2011, when the final divorce decree was entered. Petitioner continued to live with Ms. Bruce and the children at least until December 2010, when he moved out of his mother-in-law's house while Ms. Bruce remained there with the children.

Petitioner and Ms. Bruce filed a 2009 joint Federal income tax return after their first year of marriage, claiming dependency exemption deductions for the two children and the child tax credit, the additional child tax credit, and the EIC.

In January 2011 petitioner electronically filed a 2010 return, claiming the status of married filing jointly. The return reflected an overpayment of $4,581. In February 2011 petitioner and Ms. Bruce discussed the status of the tax return via email. Ms. Bruce learned that petitioner had filed a joint tax return for 2010 and that he intended to share the refund. Ms. Bruce did not object to the joint filing but indicated that she would consult her mother's friend who "does taxes" to claim

deductions for certain school expenses. Ms. Bruce also provided her bank information to petitioner via email after he mentioned sharing the refund.

In March 2011 Ms. Bruce filed a 2010 Federal income tax return, claiming head of household filing status. Ms. Bruce also claimed the two minor children as dependents. Petitioner was unaware of Ms. Bruce's separately filed return until the Internal Revenue Service (IRS) notified him that it had disallowed the claimed joint return filing status. The record reflects that petitioner had a higher adjusted gross income than Ms. Bruce in 2010.[1]

In a notice of deficiency dated July 11, 2012, respondent determined that petitioner was not entitled to the filing status of married filing jointly and adjusted his filing status to married filing separately. Respondent also disallowed the claimed dependency exemption deductions, the child tax credit, the additional child tax credit, and the EIC and imposed the accuracy-related penalty under section 6662(a).

---

[1] Petitioner reported adjusted gross income (AGI) of $36,943 for 2010, and Ms. Bruce reported AGI of $15,020 for 2010.

## Discussion

### I.    Burden of Proof

In general, the Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In certain circumstances, the burden of proof shifts to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability.  Sec. 7491(a)(1).  Because petitioner has not alleged or shown that section 7491(a) applies, the burden of proof remains on him.

### II.    Joint or Separate Return

Section 6013(a) permits a husband and wife to file a joint return.  Spouses who elect to file a joint return for a tax year are required to compute their tax on the aggregate income of both spouses, and both spouses are jointly and severally liable for all taxes due.  See sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).

The married filing jointly status does not apply to a Federal income tax return unless both spouses intend to make a joint return.  Jones v. Commissioner, 327 F.2d 98, 101 (4th Cir. 1964), rev'g on other grounds 39 T.C. 734 (1963).  The

failure of one spouse to sign the return does not negate the intent of filing a joint return by the nonsigning spouse. Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971).

Where spouses file a joint return with respect to a tax year, neither spouse may thereafter elect married filing separately status for that tax year if the time for filing the tax return of either spouse has expired. See United States v. Guy, 978 F.2d 934 (6th Cir. 1992); Ladden v. Commissioner, 38 T.C. 530, 534 (1962); Haigh v. Commissioner, T.C. Memo. 2009-140; sec. 1.6013-1(a)(1), Income Tax Regs.

Even if Ms. Bruce had tacitly agreed to the filing of the 2010 joint return, it is undisputed that Ms. Bruce subsequently filed a separate tax return before the time for either spouse to file a return had expired. See sec. 1.6013-1(a)(1), Income Tax Regs. Generally, the time for filing a tax return is the 15th day of April following the close of the calendar year. Sec. 6072(a). Ms. Bruce timely filed a separate return in March 2011. Thus, we sustain respondent's adjustment of petitioner's filing status to married filing separately.

III.    Dependency Exemption Deductions

Section 151(c) allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Section 152(a) provides that a dependent

means a "qualifying child" or a "qualifying relative". Section 152(c) provides the requirements for an individual to be a "qualifying child" of a taxpayer. Sec. 152(c)(1)(A)-(E). Section 152(c)(1) defines a "qualifying child" as an individual: (1) who bears a designated relationship to the taxpayer; (2) who shares the same principal place of abode as the taxpayer; (3) who meets specific age requirements; (4) who has not provided over one-half of his or her own support; and (5) who has not filed a joint return with the individual's spouse.

Generally, the residency test is satisfied if the individual has the same principal place of abode as the taxpayer for more than one-half of the taxable year for which the dependency exemption deduction is claimed. Sec. 152(c)(1)(B). Temporary absences due to special circumstances, including absences due to illness, education, business, vacation, and military service, are not treated as absences for purposes of determining whether the residency test is satisfied. Sec. 1.152-1(b), Income Tax Regs.; see also Rowe v. Commissioner, 128 T.C. 13 (2007); Hein v. Commissioner, 28 T.C. 826 (1957).

A child sometimes meets the qualifying child test for more than one taxpayer.[2] Under section 152(c)(4)(A), if an individual may be claimed as a

---

[2]In general, sec. 152 is designed to ensure that a given dependent can be claimed on only one tax return. Sec. 152(c)(4), the so-called tie-breaker rule,

(continued...)

qualifying child by two or more taxpayers for a taxable year, the individual is treated as the qualifying child of (1) the taxpayer who is the individual's parent or (2) in the case of no such parent, the individual with the highest adjusted gross income (AGI).

Under section 152(c)(4)(B), as relevant here, if an individual may be claimed as a qualifying child by one or both parents and they do not file a joint return, the child is treated as the qualifying child of the parent with whom the child resided for the longer period during the taxable year. Sec. 152(c)(4)(B)(i). If the child resided with both parents for the same amount of time, the child is treated as the qualifying child of the parent with the higher AGI. Sec. 152(c)(4)(B)(ii).

---

[2](...continued)
provides specific rules when multiple taxpayers are claiming the same child as a qualifying child. Sec. 152(c)(4)(A) applies when those multiple claimants are any two or more taxpayers, and sec. 152(c)(4)(B) applies when those competing claimants are two parents of the child.

Petitioner satisfies the relationship,[3] age, support, and no joint return requirements with respect to a qualifying child under section 152(c)(1). Respondent, however, asserted that petitioner failed the residency test because the children lived with Ms. Bruce for a longer period during 2010. Petitioner credibly testified that he resided with the children for most of 2010, first in Navy housing and then at his mother's house and his mother-in-law's home until he left in December 2010. As indicated, petitioner's absence due to military service is not considered an absence that would otherwise cause him to fail the residency test. Accordingly, the children lived most of 2010 with both parents and thus meet the qualifying child test under section 152(c)(1) for both petitioner and Ms. Bruce.[4]

Because petitioner and Ms. Bruce could both claim the same children as their qualifying children and they indeed claimed the children as dependents on their separate Federal income tax returns, we must look to the tie-breaker rule to determine who is entitled to claim the children as qualifying children.

---

[3]"Child" is defined in sec. 152(f) to include a stepson or stepdaughter of the taxpayer--but neither "stepson" or "stepdaughter" is defined. In <u>Collier v. Commissioner</u>, T.C. Memo. 2011-126, this Court interpreted "stepdaughter" by using its ordinary and common meaning. Accordingly, petitioner's stepdaughter meets the specific relationship test as a child of the taxpayer under sec. 152(c)(1)(A).

[4]The remaining requirements of sec. 152(c)(1) are not in dispute.

Petitioner must establish either that: (1) the children resided with him longer than with Ms. Bruce for 2010 under section 152(c)(4)(B)(i), or (2) if they resided with both parents for the same amount of time, he had the higher AGI. The record indicates that petitioner left his mother-in-law's house in December 2010, and it appears that the children remained with Ms. Bruce at that time. Therefore, the children resided with Ms. Bruce for a slightly longer period during 2010. Consequently, even though each parent could claim the children as qualifying children, the children are treated as Ms. Bruce's qualifying children for 2010 pursuant to section 152(c)(4)(B)(i). Therefore, petitioner is not entitled to the dependency exemption deductions for the children for 2010.

IV.  Child Tax Credits

Taxpayers are allowed a credit against their income tax for each qualifying child for whom the taxpayer was allowed a dependency exemption deduction under section 151. Sec. 24(a). Petitioner is not entitled to dependency exemption deductions with respect to the children for 2010; thus, he is not entitled to the child tax credit or the additional child tax credit for each child for the 2010 taxable year. See sec. 24(d).

V.    Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit to offset that individual's tax liability.  To be considered an eligible individual, a married taxpayer must file a joint return.  Sec. 32(d).  Because petitioner was married during 2010 and is not entitled to joint return filing status for 2010, he is not an eligible individual under section 32(a)(1).  Thus, he is not entitled to the EIC for 2010.

VI.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a penalty equal to 20% of the portion of an underpayment of tax that is attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax.  The Commissioner bears the initial burden of production with respect to the taxpayer's liability for the section 6662(a) penalty.  Sec. 7491(c).  The Commissioner must introduce sufficient evidence "indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If the Commissioner satisfies his initial burden of production, the burden of producing evidence to refute the Commissioner's evidence shifts to the taxpayer, and the taxpayer must prove that the penalty does not apply.  Id. at 447.

For the purposes of section 6662, "negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he or she acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper income tax liability. Id.; see also Woodsum v. Commissioner, 136 T.C. 585, 591 (2011).

Respondent determined that petitioner was liable for the accuracy-related penalty for 2010 because he was negligent or because he substantially understated his income tax. Respondent has satisfied his burden by producing evidence that

petitioner filed a joint return without the consent or authorization of his spouse and that he failed to include his spouse's income or deductions. Respondent further demonstrated that the understatement of $6,804 exceeds $5,000, which is greater than 10% of the tax required to be shown on the return.[5] In this case the understatement of income tax is computed in the same manner as and is equal to the deficiency in dispute; that is, $6,804. See secs. 6211, 6662(d)(2).

The record reflects that although petitioner filed a 2010 joint return without the express consent of his wife, he typically took care of the tax return preparation during the marriage. The record reflects that Ms. Bruce presumed petitioner would file their return and did not otherwise object when she learned that he had in fact filed a return. Ms. Bruce later provided her bank account information to petitioner after he had mentioned apportioning the refund they were due. Further, petitioner credibly testified that he believed Ms. Bruce did not have her own income in 2010 and that it was reasonable for him to believe that a joint filing would be beneficial to the couple. Although petitioner's initial joint return was adjusted by the IRS as a result of the later separate return timely filed by Ms. Bruce, petitioner has demonstrated that he acted in good faith at the time the return was filed and has also shown that he had reasonable cause for filing the return as

[5]Petitioner's original 2010 tax return reflected tax due of zero.

married filing jointly. Therefore, petitioner is not liable for the accuracy-related penalty.

VII. Conclusion

For the foregoing reasons, the Court sustains respondent's determinations that petitioner is not entitled to the status of married filing jointly, the claimed dependency exemption deductions, the EIC, the child tax credit, and the additional child tax credit for tax year 2010. The Court does not sustain respondent's imposition of the accuracy-related penalty under section 6662(a) for tax year 2010.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty under section 6662(a).